### State of Connecticut *v.* John Lattimore

REVIEW DIVISION OF THE SUPERIOR COURT

Decided March 15, 1961

*John Lattimore,* the defendant, pro se.

*John D. LaBelle,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty, was found guilty after a court trial on a charge of assault with intent to kill, and was sentenced to the state prison for not less than four nor more than eight years. Huff received a similar sentence. The penalty provided for this crime is imprisonment for not more than fifteen years or a fine of not more than $500 or both.

On June 19, 1960, the defendant and codefendant Huff visited a girl friend at her apartment in Hartford. They became involved in an argument with one of the girl's neighbors, George Henry, after one of them kicked the Henry door. Henry lived there with his wife. Henry told the men to go, and they became belligerent. They left, but returned shortly thereafter. Then, Lattimore knocked on the door of the Henry apartment, and when Mrs. Henry opened it he forced his way in. Lattimore, who had a loaded pistol in his possession, aimed it at Henry and pulled the trigger, but the weapon failed to discharge. Henry grappled with Latti-

more and Huff, during which time Huff obtained the gun. He fired three shots, wounding both Henry and Lattimore.

Lattimore then had the following record, all in Hartford:

January 4, 1955—breach of peace—nolled.

April 30, 1956—breach of peace—nolled; wilful injury to private property—not guilty.

October 3, 1956—breach of peace—fined.

November 9, 1956—drunk—fine or twenty days.

January 19, 1957—operating motor vehicle without license—fined; evading responsibility—fined.

October 21, 1959—nonsupport—warrant filed.

January 26, 1960—selling liquor without permit —nolled; keeping liquor with intent to sell—fined.

Considering the facts of the case, the nature of the offense with the use of a loaded gun and the eventual wounding of two persons, although Lattimore was one of them, the sentence imposed is fair and just. The sentence must stand.

Shapiro, Covello and Healey, Js., participated in this decision.